**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 15-2078**

—————————

NATIONSTAR MORTGAGE LLC,

                    Plaintiff - Appellee,

      v.

JOHN BRADLEY, JR.,

                    Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:15-cv-00508-RMG)

—————————

Submitted: December 17, 2015     Decided: December 21, 2015

—————————

Before DIAZ and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed in part, dismissed in part by unpublished per curiam opinion.

—————————

John Bradley, Jr., Appellant Pro Se. Brian Allen Calub, MCGUIREWOODS, LLP, Charlotte, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Bradley, Jr., appeals the district court's order adopting the magistrate judge's recommendation and remanding a foreclosure action and a related quiet title action to state court. Bradley filed a notice of removal of the foreclosure action on February 3, 2015, and an amended notice of removal on February 17, adding the quiet title action. Nationstar Mortgage, LLC, ("Nationstar") filed a motion to remand on March 12. The district court granted Nationstar's motion and remanded the actions to the state court because the notices of removal were untimely and Bradley's claims were pending in another district court.

An order remanding a case to state court is generally not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d) (2012). However, the Supreme Court has limited the scope of § 1447(d), only prohibiting appellate review of remand orders based on a lack of subject matter jurisdiction or a defect in the removal procedure that was raised by a party within 30 days after the notice of removal was filed. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996); see 28 U.S.C. § 1447(c) (2012).

Here, the district court remanded the actions to state court in part due to a defect in the removal procedure. We conclude that we do not have jurisdiction to review the district court's remand of the quiet title action, as Nationstar filed its motion to remand within 30 days of Bradley filing the amended notice of

removal. We therefore dismiss the appeal of the portion of the district court's order remanding the quiet title action.

We may, however, exercise jurisdiction over the portion of the district court's order remanding the foreclosure action, as Nationstar filed its motion to remand more than 30 days after Bradley filed the original notice of removal. The magistrate judge recommended remanding the foreclosure action and advised Bradley that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). Bradley has waived appellate review by failing to file objections after receiving proper notice. Accordingly, we affirm the portion of the district court's order remanding the foreclosure action.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

3